## PYBURNE *v.* MOSES.

Decided January 10, 1891.

*Replevin—Premature action—Costs.*

> In replevin, where the defense is that the action was brought before defendant obtained possession, it is error to charge the jury to return a verdict for the property in favor of the defendant if the property was in plaintiff's possession at the institution of the suit, defendant in such case being entitled only to costs.

APPEAL from *Lonoke* Circuit Court.

JOSEPH W. MARTIN, Judge.

Moses executed a chattel mortgage to Pyburne as trustee for Munroe. By some means the trustee secured possession of the property. Moses procured judgment for its recovery. On the day an execution on this judgment was expected to be served, but before the sheriff had taken possession of the property, Pyburne made the affidavit in this case and placed the writ of replevin in the hands of a constable.

Immediately after the property was returned to Moses by the sheriff, the trustee demanded it, and, upon refusal by Moses to deliver it, the writ herein was served. All other facts necessary to its understanding are stated in the opinion.

*George Sibley* for appellant.

1. The instruction given by the court for defendant was not predicated upon the pleadings and proof, and was not

applicable; it was misleading.   14 Ark., 295; 16 *id.,* 655;
23 *id.,* 733; 2 *id.,* 541; 36 *id.,* 646; 42 *id.,* 61.

2. It is not now necessary, as at common law, to make
demand before suing out the order of delivery.   35 Ark.,
169; 24 *id.,* 264; 8 *id.,* 510; Dig., sec. 5571, *et seq.*

*Thos. C. Trimble* for appellee.

The suit was prematurely brought.   The plaintiff must be
out of possession and entitled to the immediate possession
at the time the writ is sued out, and, by reason of some
wrongful act of defendant, be deprived of possession.   It
does not lie against one not in possession.   8 Minn., 470; 8
How. Pr., 188; 106 Mass., 600; 40 Miss., 760; 3 A. K.
Marsh. (Ky.), 277; 56 Me., 291; 31 Wis., 536; 2 Carter
(Ind.), 229; 63 N. C., 505; 2 Shep. (Me.), 414; 12 *id.,* 464;
13 Mass., 224; 48 Ill., 148; 66 Ill., 62.   See also 24 Pick.,
29; 25 Cal., 555.   "That the property is wrongfully de-
tained by the defendant," is a material allegation, and must
be proved.   Mansf. Dig., sec. 5572 and notes; 40 Ark., 551.

BATTLE, J.   W. H. Pyburne, as trustee, brought an action
of replevin against Eli Moses for the recovery of two mules,
one cow and a wagon, of the aggregate value of $260.   He
claimed possession under a deed of trust executed by Moses
to secure his indebtedness to L. W. Munroe.   Moses de-
nied that he was indebted to Munroe, and alleged that the
property claimed was in the possession of plaintiff at the
commencement of this action.   The issues were tried by a
jury; a verdict was returned in favor of the defendant for
the property or its value; judgment was rendered accord-
ingly in favor of the defendant against the plaintiff; and
plaintiff appealed.

On the trial some evidence was adduced tending to prove
that appellant was in possession of the property in contro-
versy at the time of the commencement of his action; and
the court, among other things, instructed the jury that if
the property, at the time the action was instituted, was in
the possession or under the control of the appellant, they

should find for the appellee. The question is, did the court err in giving this instruction?

It is contended that, to sustain an action of replevin, it is necessary that the plaintiff allege and prove that he is entitled to the immediate possession of the property sued for, and that the defendant wrongfully holds the same. This contention is correct, but the fact that appellant was in the possession when he commenced his action did not alone give the appellee a right to a verdict or judgment for the property. This fact, if pleaded and proved, would only go in abatement of the suit, and not to establish a right to the possession of the property. Suppose that it had been the only defense pleaded by the appellee, did the trial of the issue presented by it involve the right to the possession? Certainly not. Then the jury could not have been legally required to return a verdict in favor of the appellee for the property or its value. No issue as to the property or its possession could have been tried by them, as no such was submitted. There having been no controversy about the property and its possession, the appellee would not have been entitled to a judgment for the same. In that case it would be unreasonable to say that appellee was entitled to a verdict or judgment for property that he never claimed. The statutes directing that " in actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property," and that, " where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value, in case a return cannot be had, and damages for the taking and withholding of the property" (Mansf. Dig., secs. 5145, 5181), only refer to actions in which the issues to be tried involve the right to the possession of the property. This is manifest. It is equally manifest that the fact that appellant was in possession when his action was commenced, pleaded in

*Replevin— Premature action—Costs.*

connection with other defenses in which the appellee claimed possession, did not entitle appellee to a verdict or judgment for the property or its value. Appellant did not forfeit to appellee his right to the property by bringing his action prematurely. This fact proved nothing, except that the action should not have been brought at the time it was, and entitled the appellee to nothing except costs; and the jury should have been so instructed.

The instruction given was misleading and prejudicial to appellant.

Reversed and remanded.